CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 10 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

GREGORY D. SOBIN,

*Plaintiff,*

v.

NANCY K. MCHENRY,

*Defendant.*

CASE NO. 3:18-cv-00093

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant Nancy McHenry's motion to dismiss, filed on November 5, 2019. Dkt. 37. Upon the Court's review of Plaintiff Gregory D. Sobin's amended complaint and exhibits, Dkt. 34, Defendant's motion and memorandum in support, Dkt. 37-1, Plaintiff's response, filed on December 12, 2019, Dkt. 41, and Plaintiff's later submission of affidavits, filed on December 16, 2019, Dkt. 43. For the following reasons, the Court will deny the motion to dismiss. The Court will also order Plaintiff to refile his amended complaint stripped of or redacting malicious language concerning Defendant within thirty days.

### Background

This is not the first lawsuit Plaintiff has filed in this Court, proceeding pro se and in forma pauperis, in which Plaintiff has sought to receive his alleged inheritance from his deceased father. It the third such lawsuit.

In September 2017, Plaintiff filed his first complaint against Defendant in this Court, in which he alleged that he was entitled to half the assets in his father's will and living trust, and that Defendant, executor of his father's estate, was preventing him from receiving his inheritance and hid money that was rightly his. *See* Dkt. 2 at 5–7, *Sobin v. McHenry et al.,* No. 3:17-cv-67 (W.D.

1

Va. Sept. 15, 2017). While Plaintiff sued on the will and living trust, he did not attach them or any other exhibits. Because Plaintiff sought to have this Court administer his father's estate—to "obtain the will, determine its terms, and issue an order accordingly to compel payment out of the assets of the estate"—this Court determined that Plaintiff's complaint fell within the "probate exception" to federal jurisdiction. *See* Dkt. 9 at 2–5, No. 3:17-cv-67; *see also Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."). This Court dismissed the lawsuit without prejudice for lack of subject matter jurisdiction. Dkt. 10, No. 3:17-cv-67.

In April 2018, Plaintiff filed a second complaint against Defendant. *See* Dkt. 2, *Sobin v. McHenry*, No. 3:18-cv-24 (W.D. Va. Apr. 5, 2017). Again, Plaintiff alleged that as the executor of his father's estate, Defendant was improperly administering the estate and withholding information from him. Plaintiff's allegations in his second complaint were materially similar to those in the first; and the will or trust documents were not provided. This Court held that "Plaintiff has previously asserted the same claims before this Court, which were dismissed without prejudice due to a lack of subject matter jurisdiction." Dkt. 3 at 1–2, No. 3:18-cv-24. This Court "reiterate[d] that it does not have subject matter jurisdiction over Plaintiff's claims under the 'probate exception' to federal jurisdiction," and dismissed the case as frivolous for lack of subject matter jurisdiction. *Id.* at 1–2.

In October 2018, Plaintiff filed a third complaint against Defendant, and this Court granted Plaintiff's application to proceed in forma pauperis. *See* Dkt. 1–3. In September 2019, Magistrate Judge Hoppe issued an order granting Plaintiff leave to amend his complaint. In October 2019,

Plaintiff filed his amended complaint. Dkt. 34. Unlike the earlier two cases, Plaintiff attached to his amended complaint the declaration of trust of his father, Donald Sobin, dated August 27, 2010. Dkt. 34-1 (Ex. A). Plaintiff attached other exhibits, including, among other things, what appear to be communications between his prior lawyer acting on his behalf and Defendant, Dkt. 34-1 at 23–30 (Ex. B), a complaint Plaintiff filed in state court in Illinois against an auction house, Dkt. 34-2 at 1 (Ex. D), and a cease-and-desist order from Plaintiff's correctional facility dated July 20, 2018, directing him not to have any further correspondence with Defendant, Dkt. 34-2 at 39 (Ex. J).

In November 2019, Defendant filed a motion to dismiss Plaintiff's amended complaint. Dkt. 37. Defendant argued that this case like the prior two cases fell within the probate exception and should be dismissed for lack of subject matter jurisdiction. Dkt. 37-1 at 1–2. Defendant also argued that Plaintiff's claims should be dismissed on the basis that the action is malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dkt. 37-1 at 2–4. Defendant cites a "constant barrage of lawsuits" Plaintiff has initiated that directly or indirectly relate to this matter, stating that there are numerous state court actions in Illinois against purchasers of personal property from his father's estate, and noting the correctional facility's cease and desist order *vis-à-vis* Defendant. Dkt. 37-1 at 3–4. Thus, Defendant asks that Plaintiff be "barred for life from filing any lawsuit or civil action in this Court" without first receiving permission from the Court. *Id.* at 5.

In December 2019, Plaintiff filed a lengthy response. Dkt. 41. Plaintiff also moved for an extension of time to file the response, which Judge Hoppe granted and the response to Defendant's motion to dismiss was deemed timely filed. Dkt. 41, 42. Defendant did not file a reply in further support of her motion to dismiss. The motion to dismiss is ripe for disposition.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006); *Micha v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* proceedings). The court shall dismiss a case "at any time" if the court determines that the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A motion to dismiss pursuant to Rule 12(b)(1) or Rule 12(h)(3) of the Federal Rules of Civil Procedure tests the court's subject matter jurisdiction. "The plaintiff has the burden of proving that subject matter jurisdiction exists," *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999), and "the facts providing the court jurisdiction must be affirmatively alleged in the complaint," *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Federal courts are courts of limited jurisdiction; they possess only the powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. "Plaintiffs must affirmatively plead the jurisdiction of the federal court." *Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985).

## Analysis

1.    Probate Exception

Defendant first argues that this action, like the earlier cases, should be dismissed because Plaintiff failed to allege facts that support this Court's exercise of subject matter jurisdiction. Dkt. 37 at 1; Dkt. 37-1 at 1–2. Defendant argues that this action similarly falls within the "probate

exception" to jurisdiction, and that Plaintiff's "requests for relief all flow from administration of his father's estate, including, an accounting … an order that Defendant follow the 'instructions' of his deceased farther regarding personal property" housed in a storage unit, "an order that the Defendant return all items bequeathed to him," and "an order that a Trustee be appointed to protect Plaintiff's 'large inheritance.'" Dkt. 37-1 at 1–2. This Court disagrees. At this stage of the case on a motion to dismiss and on this limited record, the Court must conclude that Plaintiff's claims do not fall within the probate exception.

While federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them," *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992), one "narrow" judicially-drawn exception to that rule is the "probate exception," *Lee Graham Shopping Ctr. v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015) (quoting *Marshall*, 547 U.S. at 305).[1] After *Marshall*, the probate exception "applies only if a case actually requires a federal court to perform one of the acts specifically enumerated in *Marshall*: to probate a will, to annul a will, to administer a decedent's estate; or to dispose of property in the custody of a state probate court." *Estate of Kirsch*, 777 F.3d at 681.

Taking those in turn, Plaintiff does not ask this Court either "to probate a will" or "to annul a will." Indeed, Plaintiff's claims in this case—although admittedly difficult to discern—differ from those in the prior cases in that they focus exclusively on his father's inter vivos trust.[2] *See,*

---

[1] The Fourth Circuit also noted that the "[o]ther circuits have also recognized that *Marshall* sharply curtailed the scope of the probate exception." *Estate of Kirsch*, 777 F.3d at 681 n.3.

[2] Indeed, in the first case Plaintiff brought against Defendant, this Court noted that issues relating to the will were central in that case and brought it within the ambit of the probation exception. *See* Dkt. 9 at 4, No. 3:17-cv-67 ("This [case] is markedly different from *Estate of Kirsch*, where the court dealt only with a trust and not a will. In this case, the Court would have to obtain the will, determine its terms, and issue an order accordingly to compel payment out of the assets of the estate. The probate exception precludes this Court from exercising jurisdiction to carry out a role clearly reserved for the probate courts.").

*e.g.*, Dkt. 34 ¶ 6 (alleging Defendant deprived him of his inheritance due under Donald W. Sobin's declaration of trust, made on August 27, 2010); *id.* ¶ 11 (alleging that Plaintiff is a beneficiary under the declaration of trust); *id.* ¶ 12 (stating that under the declaration of trust, its proceeds would be divided in "two equal shares" between Plaintiff and Defendant). And here, unlike the prior cases before this Court, Plaintiff has attached a copy of his father's declaration of trust dated August 27, 2010, which provides, among other things, that the net proceeds of his trust after certain gifts were distributed "shall be divided in two equal shares, one each of Nancy K. McHenry and Gregory D. Sobin." Dkt. 34-1 at 4 (¶ 9).[3]

The Fourth Circuit has found a material distinction that a complaint only asks a court to interpret the terms of a *trust* rather than a *will*, in determining that the probate exception did not apply. *Estate of Kirsch*, 777 F.3d at 681. Indeed, even where an inter vivos trust "serve[s] as the functional equivalent of a will, the application of the probate exception to such trusts would mark an unwarranted expansion of the exception." *Oliver v. Hines*, 943 F. Supp. 2d 634, 638 (E.D. Va. 2013) (Ellis, J.).

The focus of Plaintiff's allegations on his father's declaration of trust further demonstrate that his claims are not asking this Court "to administer a decedent's estate," as contemplated by *Marshall*. As the Fifth Circuit has explained, "[a]ssets placed in an inter vivos trust generally avoid probate, since such assets are owned by the trust, not the decedent, and therefore are not part of the decedent's estate." *Curtis v. Brunsting*, 704 F.3d 406, 409–10 (5th Cir. 2013); *see also Oliver*, 943 F. Supp. 2d at 648 (same). Accordingly, "because the assets in a living or inter vivos trust are not property of the estate at the time of the decedent's death … the trust is not in the custody of

---

[3] To be sure, there are other provisions in Donald Sobin's declaration of trust that Defendant might argue ultimately support judgment in her favor, but at this stage Defendant has not made any such argument.

the probate court and as such the probate exception is inapplicable to disputes concerning administration of the trust." *Curtis*, 704 F.3d at 410; *see also Wellin v. Wellin*, No. 2:14-cv-4067, 2015 WL 628071, at *5 (D.S.C. Feb. 12, 2015) ("Following *Marshall*, however, it is clear that the probate exception does not apply to cases involving an [inter vivos] trust because those cases do not seek to probate a will or administer an estate.").

Finally, the Court cannot say that the relief that Plaintiff seeks, which includes, among other things, interpreting the declaration of trust, Dkt. 34 at 31 (¶ 1); seeking an accounting of the proceeds in the trust, *id.* (¶¶ 2, 12); ruling that Defendant committed "a breach of fiduciary duty," *id.* (¶ 3); an "equal share" of the proceeds of the trust, *id.* at 32 (¶ 5); the return of Plaintiff's property which he alleges was being stored for him in boxes, *id.* at 323 (¶ 5), will interfere with the administration of assets in the custody of a state probate court. *Estate of Kirsch*, 777 F.3d at 681; *Potts v. Potts*, No. 13-cv-1986, 2014 WL 4060031, at *5 (D. Md. Aug. 13, 2014) (holding that plaintiff's claims for "the return of his 'rightful share of' property and Trust assets, an accounting, and monetary damages ... do not fall within the probate exception."). Indeed, Defendant has not addressed in her submission whether there are any state probate proceedings that would have custody of the property at issue in this case. As Plaintiff's claims do not require the Court to perform any of the acts specifically articulated in *Marshall*, the Court concludes that Plaintiff's claims do not fall within the probate exception.

Plaintiff has pleaded that this Court has subject matter jurisdiction over the claims, namely, that the Court possesses diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has alleged that there is complete diversity of the parties, in that he is a citizen of either Illinois or Indiana, and that Defendant is a citizen of Virginia. *See* Dkt. 34 at 2–3. The Court also finds that Plaintiff has alleged that more than $75,000 is in dispute—the threshold would be more than satisfied given his

allegations concerning the sale of his father's house and the other assets and proceeds alleged, and his claim that he is entitled to an equal share of such proceeds. *See* Dkt. 34 at 12–13 (¶ 23).

The Court will therefore deny Defendant's motion to dismiss, because the Court concludes that, on this record, Plaintiff's claims do not fall within the probate exception. Because the Court has determined that Plaintiff's claims at this time will not be dismissed, the Court will not impose on Plaintiff the sanction requested by Defendant of a lifetime prefiling injunction.

      2.   <u>Malicious Remarks</u>

The Court is empowered to dismiss a case that is "malicious." 28 U.S.C. § 1915(e)(2)(B). A complaint is malicious if, among other things, "it is a part of a longstanding pattern of abusive and repetitious lawsuits or *it contains disrespectful or abusive language.*" *Owens v. Simmons*, No. 5:14-cv-26939, 2014 WL 5824964, at *2 (S.D. W. Va. Nov. 10, 2014) (citations omitted) (emphasis added); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (holding complaint that threatens violence qualifies as malicious).

The Court is deeply troubled by the numerous remarks of a malicious, threatening nature Plaintiff alleged in his amended complaint. Plaintiff describes a "hatred" between Plaintiff and Defendant that is "explosive in nature" and that "will not end well, resulting in a violent climax." *See, e.g.*, Dkt. 34 ¶¶ 31, 33, 38, 39, 47. These remarks go beyond argument or advocacy and have no place in filings in federal court. The Court will order Plaintiff to, within **thirty (30) days**, refile his amended complaint striking out or redacting all such references. **Failure to do so will result in dismissal of Plaintiff's amended complaint**.

The Court will also order the parties to contact the Chambers of U.S. Magistrate Judge Joel Hoppe, within **ten (10) days** after Plaintiff's refiling of his amended complaint, to schedule a status conference. The parties shall address at that status conference, among any other matter raised by

Judge Hoppe, whether imposition of sanctions or other measures would be appropriate, in view of Plaintiff's threatening remarks.

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion to the parties.

Entered this ___10th___ day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE